NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAY 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BGH HOLDINGS, LLC, a Washington limited liability company; GINGER ATHERTON; HENRY DEAN, and their marital community,<br><br>      Plaintiffs - Appellants,<br><br> v.<br><br>D. L. EVANS BANK,<br><br>      Defendant - Appellee. | No. 24-2540<br><br>D.C. No.<br>2:18-cv-01408-RSL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted May 19, 2025[**]
San Francisco, California

Before: FRIEDLAND, BRESS, and MENDOZA, Circuit Judges.

Ginger Atherton, Henry Dean, and the company they formed, BGH

Holdings, LLC (collectively, Plaintiffs), appeal the district court's grant of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

summary judgment to D.L. Evans Bank ("the Bank") on their 42 U.S.C. § 1983 claim. We review de novo, *Long v. County of Los Angeles*, 442 F.3d 1178, 1184 (9th Cir. 2006), and we affirm.

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quoting *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011)). To succeed on a § 1983 claim against a private entity under *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), a plaintiff must show that "(1) [the entity] acted under color of state law, and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom of [the entity]." *Tsao*, 698 F.3d at 1139. "The custom or policy must be a 'deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021) (alteration in original) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (en banc)).

Here, even if the Bank acted under color of state law, Plaintiffs have not shown that any constitutional violation was caused by an official policy or custom

of the Bank.  Plaintiffs argue that the Bank "could have prevented the constitutional violations . . . by having a policy requiring that any writs specify the specific property to be seized and that non-debtors not be restrained."  But "[t]o establish that there is a policy based on a failure to preserve constitutional rights, a plaintiff must show, in addition to a constitutional violation, 'that this policy amounts to deliberate indifference to the plaintiff's constitutional right.'"  *Tsao*, 698 F.3d at 1143 (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)).  Plaintiffs must also show "that the policy caused the violation, 'in the sense that the [entity] could have prevented the violation with an appropriate policy.'"  *Id.* (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1194 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d 1060).

No reasonable jury could find that Plaintiffs established deliberate indifference or causation with respect to either of the Bank's alleged policies of omission.  "To show deliberate indifference, [the plaintiff] must demonstrate 'that [the entity] was on actual or constructive notice that its omission would likely result in a constitutional violation.'"  *Id.* at 1145 (quoting *Gibson*, 290 F.3d at 1186); *see also Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) ("Deliberate indifference exists when the need 'for more or different' action 'is so obvious, and the inadequacy [of existing practice] so likely to result in the violation of constitutional rights, that the policymakers of the city

can reasonably be said to have been deliberately indifferent to the need.'" (alteration in original) (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 & n.10 (1989))).  And to prove causation, the plaintiff must show "both but-for and proximate causation."  *Tsao*, 698 F.3d at 1146.  In other words, the plaintiff must establish "'that the injury would have been avoided' had proper policies been implemented."  *Long*, 442 F.3d at 1190 (quoting *Gibson*, 290 F.3d at 1196).

First, as to the Bank's alleged failure to have "a policy requiring that any writs specify the specific property to be seized," Plaintiffs have not presented any evidence suggesting that the Bank was on actual or constructive notice that following the writ of execution issued by the King County Superior Court "would lead to constitutional violations."  *Tsao*, 698 F.3d at 1145.  There is no dispute that the writ complied with Washington law, *see* Wash. Rev. Code §§ 6.17.110, 6.17.160, and it is not "so obvious" that following a facially valid writ would be insufficient to prevent Fourth Amendment violations, *Hyun Ju Park*, 952 F.3d at 1142 (quoting *City of Canton*, 489 U.S. at 390).  Moreover, the Bank's policy was not the "actionable cause" of any alleged Fourth Amendment violation.[1]  *Tsao,* 698

---

[1] In Plaintiffs' reply brief, they argue that Bank also violated BGH Holdings and Atherton's Fourteenth Amendment rights.  But Plaintiffs forfeited that argument by failing to raise it in their opening brief.  *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008) ("Arguments not raised by a party in its opening brief are deemed waived.").  And, in any event, Plaintiffs never connect this alleged violation to any policy by the Bank.

F.3d at 1146 (quoting *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008)). The writ of execution was issued by the King County Superior Court, and Plaintiffs have not explained how the Bank's policy could have altered the contents of the writ.

Second, Plaintiffs' contention that the Bank should have had a policy "that non-debtors not be restrained" also fails. Because the King County Sheriff's Office executed the writ and law enforcement officers restrained Atherton, the Bank's alleged policy of omission is not "the but-for cause" of Atherton's alleged Fourth Amendment injury. *Id.* Even if the Bank had a policy not to restrain non-debtors, Plaintiffs have not presented any evidence that the law enforcement officers would have followed that policy when executing the writ. Moreover, Plaintiffs have not pointed to any evidence of other cases in which the Bank was involved in executing a writ and a non-debtor was restrained, and thus failed to create a genuine dispute of material fact that the Bank "was 'on actual or constructive notice'" that its alleged policy of omission would lead to Fourth Amendment violations. *Id.* at 1145 (quoting *Farmer v. Brennan*, 511 U.S. 825, 841 (1994)) (holding that the plaintiff had not established deliberate indifference where "there [wa]s no indication that this problem ha[d] ever arisen other than in the case of [the plaintiff] herself").

In response to the Bank's contention that Plaintiffs failed to establish a

policy or custom under *Monell*, Plaintiffs argue that the Bank can be held vicariously liable under § 1983. That argument is unavailing. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988) ("[V]icarious liability would be incompatible with the causation requirement set out on the face of § 1983." (citing *Monell*, 436 U.S. at 691)); *Tsao*, 698 F.3d at 1139 (applying *Monell*'s interpretation of § 1983 prohibiting vicarious liability "in the context of a suit against a private entity").[2]

**AFFIRMED.**

---

[2] Plaintiffs also discuss the *Rooker-Feldman* doctrine in their reply brief, seemingly to challenge the district court's dismissal of Plaintiffs' other claims. But that argument is entirely absent from Plaintiffs' opening brief. Plaintiffs therefore forfeited it. *See Friends of Yosemite Valley*, 520 F.3d at 1033.

24-2540